IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANDREW CLARKE and BEVERLY ELAIN CORBIN, ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | CASE NO.  2:17-cv-730-MHT-TFM |
| RAY D. GOODSON, *et al.*, ) ) ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1), this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 2, entered November 3, 2017).  Now pending before the Court is the Defendants' Motion to Dismiss (Doc. 9, filed December 5, 2017) and supporting brief (Doc. 10 filed December 5, 2017).  The Plaintiffs have filed a Response (Doc. 17, filed December 26, 2017) to which Defendants have filed a Reply.  (Doc. 18, filed December 29, 2017). The motions are fully submitted and ripe for review.  For good cause shown, the Magistrate Judge recommends that the Motion to Dismiss be granted and this case be dismissed with prejudice.

**I. BACKGROUND**

On October 25, 2017, Plaintiffs, Andrew Clarke and Beverly Elaine Corbin, filed the Complaint in this case alleging constitutional violations resulting from the Pike County Commissioners decision to decline approval of Plaintiffs' application to the ABC Board for an Alabama license.  (Doc. 1 at pp. 2, 5).  Plaintiff sues certain members of the Pike County Commissioners, who voted against their application.  Specifically, Plaintiffs allege in the Original Complaint that Defendants violated the Establishment Clause of the First Amendment by allowing

citizens who were members of a church located near Plaintiff's place of business to speak in opposition to the Plaintiffs' application. Plaintiffs also allege that Defendants violated their rights to due process and equal protection because the Defendants voted to deny approval of Plaintiffs' application because "Plaintiffs have a personal relationship, and one is white, and the other is black." (Doc. 1 at p. 5).

By Order of April 9, 2018, this Court gave Plaintiffs an opportunity to amend their Complaint. (Doc. 31). Thereafter, Plaintiffs filed an Amended Complaint wherein Plaintiffs realleged the same facts and named the same Defendants as in the Original Complaint. (See Doc. 1, Doc. 33). Indeed, Plaintiffs sue pursuant to 42 U.S.C. § 1983 alleging they were discriminated against by the Pike County Commission on the basis that they were a mixed race couple when the Commission voted to deny their application for a liquor license. (Doc. 33 at p. 1). Plaintiffs bring this suit against the named Defendants in both their official and individual capacities. (Doc. 33 at p. 2). Plaintiffs demand an award of $2,000,000.00 per Plaintiff in compensatory damages, based upon alleged further lost profits they claim they would have made over a twenty year period had Plaintiffs been granted an Alabama Alcohol License. (Doc. 1 at p. 6, Doc 33 at p. 2). Plaintiffs seek an award of punitive damages in the amount of $4,000,000.00 per Plaintiff. (Doc. 1 at p. 6).

A careful review of the Amended Complaint convinces the Court that there are no additional claims brought in the Amended to Complaint to which Defendants must respond. Rather, Plaintiffs do not restate all of their theories of recovery in the Amended Complaint. Specifically, Plaintiffs failed to include in the Amended Complaint their First Amendment and Due Process claims which were stated in the Original Complaint. (Doc. 1, Doc. 33). Thus, these claims are arguably abandoned. *See Pintando v. Miami-Dade Housing Agency*, 501 F. 3d 1241, 1243 (11th Cir. 2007) ("As a general matter,'[a]n amended pleading supersedes the former

pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.'")(Citations omitted).  However, out of an abundance of caution, the Court will address these claims herein.

## II. JURISDICTION

Plaintiffs assert claims pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) as they bring claims for violations of the United States Constitution through 42 U.S.C. § 1983.  Defendants challenge jurisdiction in their motion to dismiss and the Court will address this claim in further detail below.

## III. STANDARDS OF REVIEW

It is important to note there are four potential standards of review at issue: Rule 12(b)(1) facial attack, Rule 12(b)(1) factual attack, Rule 12(h)(3), Rule 12(b)(6) and Rule 41(b).  All litigants, *pro se* or not, must comply with the Federal Rules of Civil Procedure.  Generally, complaints by *pro se* plaintiffs are read more liberally than those drafted by attorneys. *Osahar v. U.S. Postal Serv.*, 297 Fed. Appx 863, 864 (11th Cir. 2008).  Although the court is required to liberally construe a *pro se* litigant's pleadings, the court does not have "license to serve as *de facto* counsel for a party. . .or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted) (overruled on other grounds by *Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010)); *see also Giles v. Wal-Mart Distrib. Ctr.*, 359 Fed. Appx. 91, 93 (11th Cir. 2009) (internal citations and quotation omitted) ("Although *pro se* pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally, this liberal construction does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.").

"A pro se plaintiff '*must* be given at least one chance to amend the complaint before the district court dismisses the action with prejudice' at least where a more carefully drafted complaint might state a claim." *See Carter v. HSBC Mortg. Serv.*, 622 F. App'x 783, 786 (11th Cir. 2015) (Emphasis in original) citing *Bank v. Pitt*, 928 F. 2d 1108, 1112 (11th Cir. 1991). Where it is futile for a plaintiff to file an amended complaint because "a more carefully drafted complaint could not state a claim," there is no need to allow plaintiff to amend. *Id.* For the reasons set forth in this Recommendation, the Court concludes it would be futile in this instance for Plaintiff to be given an opportunity to amend.

      **A.**      **Federal Rule of Civil Procedure 12(b)(1) – Lack of Subject Matter Jurisdiction**

A Rule 12(b)(1) motion directly challenges the district court's subject matter jurisdiction. *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty*, 501 F.3d 1244, 1251 (11th Cir. 2007); *Gilmore v. Day*, 125 F.Supp.2d 468, 470 (M.D. Ala. 2000). The burden of proof on a Rule 12(b)(1) motion is on the party averring jurisdiction. *Gilmore*, 125 F.Supp.2d at 471 (citing *Thomson v. Gaskill*, 315 U.S. 442, 446, 62 S. Ct. 673, 86 L.Ed. 951 (1942)). A motion to dismiss for lack of subject matter jurisdiction may occur either facially or factually. *Makro v. Capital of America, Inc. v. UBS AG*, 543 F.3d 1254, 1258 (11th Cir. 2008) (citing *Morrison v. Amway Corp.*, 323 F.3d 920, 925 n.5 (11th Cir. 2003)); *Stalley v. Orlando Regional Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (citing *McElmurray*, 501 F.3d at 1251).

A "facial attack" is based solely on the pleadings and requires the court to assess whether the plaintiff has alleged a sufficient basis for subject matter jurisdiction. *Stalley*, 524 F.3d at 1232-33; *Morrison*, 323 F.3d at 925 n. 5; *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). "On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion -- the court must consider the allegations of the complaint to be true." *Lawrence*,

919 F.2d at 1529 (citing *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981)); *see also Houston v. Marod Supermarkets*, 733 F.3d 1323, 1335 (11th Cir. 2013) (The Court evaluates whether the plaintiff "has sufficiently alleged a basis of subject matter jurisdiction" in the complaint and employs standards similar to those governing a Rule 12(b)(6) review.). The Court is "not required to accept mere conclusory allegations as true, nor are we required to accept as true allegations in the complaint that are contrary to factual details presented in the exhibits." *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205-06 (11th Cir. 2007). "[W]hen the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern." *Id*. at 1206. When discussing exhibits on a facial attack, the Court may consider exhibits attached to the complaint as well as those attached to a motion to dismiss. *Lawrence v. United States*, 597 Fed. Appx. 599, 602 (11th Cir. 2015). Exhibits attached to the complaint are considered part of the complaint for all purposes. *Id*. Further, exhibits attached to a motion to dismiss may be considered for a facial attack if the documents are central to the plaintiff's claim and their authenticity is not disputed. *Id*.

On the other hand, a "factual attack" challenges "subject matter jurisdiction in fact, irrespective of the pleadings." *Morrison*, 323 F.3d at 925. On a Rule 12(b)(1) factual attack, the court "may proceed as it never could under 12(b)(6) or Fed. R. Civ. P. 56. *Lawrence*, 919 F.2d at 1529. Further, in resolving a factual attack, the court "may consider extrinsic evidence such as testimony and affidavits." *Makro*, 543 F.3d at 1258 (quoting *Morrison*, 323 F.3d at 925 n. 5); *accord Stalley*, 524 F.3d at 1233; *Miccosukee Tribe of Indians of Florida v. U.S., E.P.A.*, 105 F.3d 599, 603 (11th Cir. 1997). The trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case without presuming the truthfulness of the plaintiff's allegations." *Makro*, 543 F.3d at 1528 (internal quotations omitted); *see also Willett v. United States*, 24 F.Supp.3d 1167, 1173 (M.D. Ala. 2014) (stating same). In other words, "the district

court should apply a summary judgment standard when ruling on the motion to dismiss as a factual attack on subject matter jurisdiction." *Miccosukee Tribe*, 105 F.3d at 603 (citing *Lawrence*, 919 F.2d at 1530).

However, the Court is not at liberty to weigh the evidence when the factual attack "also implicates an element of the cause of action." *Lawrence*, 919 F.2d at 1529. The Eleventh Circuit has specifically cautioned district courts "should only rely on Rule 12(b)(1) if the facts necessary to sustain jurisdiction *do not implicate the merits of plaintiff's cause of action.*" *Morrison*, 323 F.3d at 925 (quoting *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997) (internal quotations omitted and emphasis in original).

### B.   Federal Rule of Civil Procedure 12(b)(6) – Failure to State a Claim

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. *Gilmore*, 125 F. Supp.2d at 471. To survive a motion to dismiss for failure to state a claim, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). In considering a defendant's motion to dismiss, the "court must view the complaint in the light most favorable to the plaintiff and accept all the plaintiff's well-pleaded facts as true." *Am. United Life Ins. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007) (citing *St. Joseph's Hosp. Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 954 (11th Cir. 1986)). In other words, in deciding a 12(b)(6) motion to dismiss, the court will accept the petitioner's allegations as true. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed.2d 59 (1984); *Ellis v. General Motors Acceptance Corp.*, 160 F.3d 703, 706 (11th Cir. 1998); *Roberts v. Florida Power & Light Co.*, 146 F.3d 1305, 1307 (11th Cir. 1998) (citing *Lopez v. First Union National Bank of Florida*, 129 F.3d 1186, 1189 (11th Cir. 1997)). However, "[c]onclusory allegations, unwarranted deductions of facts or legal conclusions

masquerading as facts will not prevent dismissal." *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004) (quoting *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002)); *see also Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) (conclusory allegations and unwarranted deductions of fact are not admitted as true).[1]

Thus, a complaint should be dismissed "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558, 127 S. Ct. at 1966. Further, "this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id*. (citations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555, 127 S. Ct. at 1964-65 (citations omitted). Factual allegations must be enough to raise a right to relief above the speculative level. *Id*. Thus, it does not require a heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face. *Id*. at 570, 127 S. Ct. at 1974. It is not enough that the pleadings merely "le[ave] open the possibility that the plaintiff might later establish some set of undisclosed facts to support recovery." *Id*. at 561, 127 S. Ct. at 1968 (internal quotation and alteration omitted). Consequently, the threshold for a complaint to survive a motion to dismiss is "exceedingly low." *Ancata v. Prison Health Services, Inc.,* 769 F.2d 700, 703 (11th Cir. 1985).

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

### C. FEDERAL RULE OF CIVIL PROCEDURE RULE 12(H)(3)

Fed. R. Civ. P. 12(h)(3) provides simply "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action."  A Court may sua sponte dismiss Plaintiff's case for lack of federal jurisdiction at any time. *See, Herskowitz v. Reid*, 187 F. App'x. 911, 912-913 (11th Cir. 2006).

## IV. DISCUSSION AND ANALYSIS

### A. Article III Case or Controversy Requirement

The Court must first consider whether it has subject matter jurisdiction over this case. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (stating that where "a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits.").  "Article III of the Constitution limits the 'judicial power' of the United States to the resolution of 'cases' and 'controversies.'" *Valley Forge Christian Coll. v. Americans United for Separation of Church and State,* 454 U.S. 464, 471 (1982) (Citation omitted).  "Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy." *Spokeo, Inc. v. Robins,* __ U.S__ , 136 S.Ct. 1540, 1547 (2016).  "[I]njury in fact, [is] the '[f]irst and foremost' of standing's three elements." *Id.*  "[A] plaintiff without an injury in fact lacks Article III standing, and federal courts do not have jurisdiction over his or her complaint." *Stalley v. Orlando Reg'l Healthcare Sys.,* 524 F. 3d 1229, 1232 (11th Cir. 2008); *Valley Forge,* 454 U.S. at 473.  An Article III case or controversy simply does not exist in the absence of a "'distinct and palpable injury,' to the plaintiff." *Duke Power Co. v. Carolina Envtl. Study Grp.,* 438 U.S. 59, 72 (1978) (Citation omitted); *Hollywood Mobile Estates Ltd., v. Seminole Tribe of Fla.,* 641 F. 3d 1259, 1265 (11th Cir. 2011) ("Standing determines the power of the court to entertain suit.") (Citation omitted); Fed. R. Civ. P. 12(h)(3)

("If the court determines as any time that it lacks subject matter jurisdiction, the court must dismiss the action.")

It is undisputed that Plaintiffs were not denied an Alabama Alcohol License. (Doc. 9, Ex. 1). Defendants argue that because Plaintiffs were not denied this License they have no standing to bring this action claiming constitutional violations because they have suffered no constitutional injury. The law is settled; "[t]o state a claim under 42 U.S.C § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured by the United States Constitution or federal law and (2) such deprivation occurred under color of state law." *Richardson v. Johnson,* 598 F. 3d 734, 737 (11th Cir. 2010) (Citations omitted). Moreover, any § 1983 claim requires "proof of actual injury." *Memphis Cmty. Sch. Dist. v. Stachura,* 477 U.S. 299, 308 (1986). Indeed, because the Alabama ABC Board, which has the final authority on deciding whether to issue a liquor license, granted Plaintiffs' license, there is no cognizable claim based on Pike County Commission's decision not to provide approval for Plaintiffs' application. *See Manor Healthcare Corp., v. Lomelo,* 929 F. 2d 633, 638 (11th Cir. 1991) (Because the mayor was not the ultimate policy making authority on zoning issues, the City could not be held liable under § 1983 for his alleged bribery in connection with zoning matter).

The Twenty-First Amendment to the United States Constitution "bestowed upon the states broad regulatory power over the liquor traffic within their territories." *United States v. Frankfort Distilleries*, 324 U.S. 293, 299 (1945). In the exercise of this legislative power to regulate the sale of alcohol, the Alabama Legislature expressly adopted the Alabama Alcoholic Beverage Licensing Code. Ala. Code § 28-3A-1, *et. seq*. (1975). Section 28-3A-23 (d) provides as follows:

> [e]ach retail liquor license application must be approved by the governing authority of the municipality if the retailer is located in a municipality, or by the county commission if the retailer is located in the county and outside the limits of the municipality before *the board shall have authority to grant the license.*

(Emphasis added). *See also*, *Maddox v. Madison County Comm'n*, 661 So.2d 224, 225 (Ala. 1995). Additionally, the Legislature provided for an ABC Board Hearing Commission, which is "[a] body appointed by the board to hear and decide all contested licensee applications and all disciplinary charges against any licensee." Ala Code. § 28-3-1(14).

It is undisputed that Plaintiff appeared before the Pike County Commission on July 11, 2016 "for the express purpose of obtaining a certificate, to attach to the application for a liquor license from the Alabama Beverage Control Board." (Doc. 17 at pp. 1-2). Thereafter, the Pike County Commission denied approval of Plaintiff's application to the ABC Board, and Plaintiffs sought and obtained a hearing with the ABC Board Hearing Commission to decide their contested license application. (Doc. 1 at p. 5; Doc. 9, Ex. 3). This hearing was held on September 14, 2016, and on September 15, 2015, the ABC Board Hearing Commission issued a ruling stating: "[a]fter reviewing testimony from an ABC Inspector, the applicant, and witnesses, the Commission voted unanimously *to grant the applicant an ABC license for On or Off Premises Beer*." (Doc. 9, Ex. 4 at pp.2-3; Ex.1). (Emphasis Added). Thus, the Court concludes Plaintiffs lack standing to pursue this cause of action because they have failed to prove that they suffered any injury. *See Bd. of County Com'rs v. Brown*, 520 U.S. 397, 415 (1997) ("Congress did not intend municipalities to be held liable unless deliberate action attributable to the *municipality directly caused a deprivation of federal rights.*") (Emphasis added).

Defendants also argue this case is due to be dismissed because Plaintiffs' claims are moot. Thus, Defendants argue no justiciable case or controversy ever arose. *See Harrell v. Fla. Bar*, 608 F. 3d 1241, 127 (11th Cir. 2010) ("standing, ripeness and mootness . . . go to the heart of the Article III case or controversy requirement.") Specifically, Defendants argue because Plaintiffs filed this action over one year after the ABC Board granted their license that Plaintiffs claims are moot and

frivolous. *See Weinstein v. Bradford,* 423 U.S 147, 148 (1975) (Upon being granted a "complete release from [parole] supervision", Respondent's claim became moot because he had "no interest whatever in the procedures" concerning parole); *see also*, *31 Foster Children v. Bush,* 329 F. 3d 1255, 1263 (11th Cir. 2003) (Claims for prospective injunction relief of foster children dismissed as moot because they had been adopted). Moreover, the Defendants point out that had Plaintiffs brought this action prior to the ABC Board's final decision, their claim would not have been ripe. *See Digital Props. v. City of Plantation,* 121 F. 3d 586, 590 (11th Cir. 1997). Accordingly, the Court concludes that Plaintiffs' claims for any prospective injunctive relief are due to be dismissed. The Court will now turn its attention to Plaintiffs' claims for monetary damages.

### B. Legislative Immunity

Plaintiffs bring claims against named members of the Pike County Commission for "vot[ing] 4-1 to deny the plaintiffs, a certificate of approval, to be attached to the application form to the Alabama Alcohol Beverage Control Board." (Doc. 33 at p. 1). Thus, Plaintiffs allegations against Defendant arise from their official acts as Commission members. The law is clear that the Defendants sued for their official actions are immune from suit.

The Eleventh Amendment provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." U.S. Const. amend. XI; *see also Toth v City of Dothan, Ala.*, 953 F. Supp. 1502, 1506 (M.D. Ala. 1996) (citing Eleventh Amendment). Specifically, an unconsenting state is immune from lawsuits brought in federal court by the state's own citizens unless Congress has abrogated immunity or the state has waived its immunity. *Id.* (citations omitted). Congress has not abrogated Eleventh Amendment immunity in § 1983 cases, nor has Alabama waived its immunity. *See Bd. of Trs. Of*

*Univ. of Ala. v. Garrett*, 531 U.S. 356, 363, 121 S. Ct. 955, 962, 148 L.Ed.2d 866 (2001). Indeed, State officials "acting in their official capacities" are outside the class of "persons" subject to liability under § 1983. *Hafer v. Melo*, 502 U.S. 21, 22-23, 112 S. Ct. 358, 360-61, 116 L.Ed.2d 301 (1991) (quoting *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 109 S. Ct. 2304, 105 L.Ed.2d 45 (1989)); *see also Carr v. City of Florence, Ala.*, 916 F.2d 1521, 1525 n.3 (11th Cir. 1990) (citing *Will*); *Toth*, 953 F. Supp. at 1507 (citing *Hafner* and *Will*). Moreover, the Eleventh Circuit has held that immunity exists "in favor of local legislators for conduct in furtherance of their legislative duties." *Espanola Way Corp. v. Meyerson*, 690 F. 2d 827, 829 (11th Cir. 1982) citing *Hernandez v. City of Lafayette,* 643 F. 2d 1188 (5th Cir. 1981). Specifically, "the vote of a city councilman constitutes an exercise of legislative decision-making." *Id.* citing *Hernandez.* Accordingly, the Court concludes that Defendants, who are sued for their decisions and actions concerning Plaintiffs' liquor license approval, are immune from suit.

      **C.**      **Claims for Violation of the Establishment Clause of the First Amendment**

Plaintiffs allege that the Defendants violated the Establishment Clause of the First Amendment by "allowing church officials to offer advocacy against the granting of an Alabama Alcohol License For the Sale of beer and wine, at an eatery establishment." (Doc. 1 at p. 5). In *Lemon v. Kurtzman,* the United States Supreme Court set forth a test to be applied by courts in determining whether a violation of the Establishment Clause occurred. 403 U.S. 602, 612-13 (1971). Under the *Lemon* Test, the court must determine whether the challenged conduct (1) has a secular purpose, (2) whether its primary effect is to advance or inhibit religion, and (3) whether the challenged conduct creates an "excessive government entanglement" with religion. *Id.* As to the first prong of the *Lemon* Test, the law is settled that the "protect[ion] of churches and schools from disruption associated with liquor serving establishments" is a valid secular purpose. *VFW*

*John O'Connor Post #4833 v. Santa Rosa County,* 506 F. Supp. 2d 1079, 1088 (N.D. Fla. 2007) (quoting *Larkin v. Grendel's Den,* 459 U.S. 116, 124, n.6 (1982)).  Thus, the Court concludes Plaintiffs cannot demonstrate that Defendants violated the Establishment Clause by allowing church officials to speak at the Pike County Commission on the issue of whether to approve Plaintiffs' application for a liquor license.  Moreover, contrary to Plaintiff's claims, the Defendants' conduct would arguably have violated the Establishment Clause, if the Defendants had refused to allow citizens to speak in opposition to the Plaintiff's application on the basis of those individuals' affiliation with the church.  *See Widmar v. Vincent,* 454 U.S. 263, 271-78 (1981)(Any exclusionary policy for discourse in public forums, which is based on content of religious speech, is limited by the Free Exercise and Free Speech Clauses of the First Amendment).  Accordingly, the Court concludes that Plaintiffs' First Amendment Claims are due be dismissed.

### D.   Claims for Violations of Plaintiffs' Due Process Rights

Plaintiffs allege that they were denied substantive and procedural due process when the Defendants voted to deny approval of Plaintiffs' application for a liquor license from the ABC Board.  (Doc. 1 at p. 5).  "In this circuit, a § 1983 claim alleging a denial of due process requires proof of three elements: (1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process."  *Arrington v. Helms*, 438 F.3d 1336, 1347-48 (11th Cir. 2006) (quoting *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003)).  Regarding a property interest, Plaintiff must have "a legitimate claim of entitlement to it," rather than having a mere "unilateral expectation" of the property interest.  *Board of Regents v. Roth,* 408 U.S. 564, 577 (1972).  Indeed, "[p]roperty interests are not created by the [United States] Constitution but are 'defined by existing rules or understandings that stem from an independent source such as state law' and arise only where the plaintiff demonstrates a 'legitimate claim of

entitlement.'" *Polenz v. Parrott,* 883 F. 2d 551, 555 (7th Cir 1989) quoting *Roth, id* at 577. Thus, when considering a due process claim, the Court looks to the applicable state statute. *See Arrington v. Dickerson,* 915 F. Supp. 1503, 1508 (M.D. Ala. 1995) (Granting Defendant city council members' motion to dismiss Plaintiff's §1983 action for failing to issue him a liquor license).

Interpreting the Alabama statute applicable to the liquor licensing process, the Court wrote "[t]he statute governing these circumstances has been succinctly summarized by the Supreme Court of Alabama as follows:

> Section 28-3A-11 expressly provides that the governing authority of a municipality must give its consent and approval before a retail liquor license can be issued by the ABC Board if the premises sought to be licensed are located within a municipality. Further, that such requirement is within the legislature's authority to regulate traffic in liquors which power is considerably broader than the state's power to regulate a business not dealing in alcoholic beverages and a public officer exercising a quasi judicial function in granting or refusing to grant a permit or license may not be liable for damages absent a corrupt or malicious motive in the exercise of that function."

*Id.* citing *Ott v. Everett*, 420 So. 2d 258, 259-60 (Ala. 1982). The Court reasoned that since this statute set "forth no substantive criteria under which a city 'must' issue a liquor license . . . [Plaintiff] has no legitimate claim of entitlement to a liquor license." *Id.* citing *Polenz,* 883 F. 2d at 555. Furthermore, this Court held Plaintiff "does not have a liberty interest in obtaining a liquor license" because the Alabama Supreme Court has held "[a] license to engage in the sale of intoxicants is merely a privilege with no element of property right or vested interest of any kind." *Arrington,* 915 F.Supp. at 1508 citing *Ott,* 420 So. 2d. at 261. Thus, "Alabama has extinguished any liberty interest" in such a license. *Arrington, id.* citing *Polenz*, 883 F. 2d at 556. Accordingly, the Court concludes that Defendants' Motion to Dismiss is due to be granted on Plaintiffs' due process claims.

### E.  Claims for Violations of Plaintiffs' Equal Protection Rights

Plaintiffs allege that they were denied equal protection of the laws when the Pike County Commission voted to deny approval of their liquor license for the "real reason" of Plaintiffs' "personal relationship, {sic} and one is white, and the other black, as the male is black."  (Doc 1 at p. 5).   In order to demonstrate a claim for violation of their equal protection rights, Plaintiffs must allege facts sufficient to show that (1) Plaintiffs were "treated differently than similarly situated persons"; and (2) Defendants "unequally applied the facially neutral statute for the purpose of discriminating" toward Plaintiffs.  *See Strickland v. Alderman,* 74 F. 3d 260, 264 (11th Cir. 1996).  A defendant "cannot violate a plaintiff's equal protection rights unless the defendant has the intent to discriminate." *Mencer v. Hammonds,* 134 F.3d 1066, 1070 (11th Cir. 1998).

The Court has carefully reviewed the complaint and concludes that Plaintiffs have plead no facts to plausibly show that the Commission "members knew of" the Plaintiffs' personal relationship.  *See Arrington*, 915 F. Supp. at 1515 (M.D. Ala. 1995) ("[I]n order to the bridge the gap between . . . [Plaintiffs' relationship and their] denial of a license by the City Council, the court has to assume facts not in the complaint.").  However, courts are precluded from assuming facts that are not plead.  *See Flinklock Const. Services v. Well-Come Holdings,* 710 F. 3d 1221, 1227-28 (11th Cir. 2013).  Indeed, the Complaint contains no factual allegations supporting a reasonable inference that any member of the Pike County Commission had any knowledge that Plaintiffs were involved in a relationship. Plaintiff's Alcohol License Application identifies Andrew Clark and Beverly Corbin as owning the Smokin Skillet Café in "partnership" but includes no information

identifying their race or relationship status. (Doc. 9, Ex. 2 at 1).  Thus, the Court concludes that Plaintiff has failed to allege Defendants had any discriminatory intent.

The Court further concludes that with respect to the similarly situated prong Plaintiffs have failed to demonstrate that other persons "similarly situated to Plaintiff[s] in all relevant respects" were "treated differently".  *Hayden v. Coppage*, 533 F. Supp. 2d 1186, 1194 (M.D. Ala. 2008) (Citations omitted) (Granting motion to dismiss on equal protection claim for failure to adequately plead a comparator.)  Plaintiffs allege Melvin Coleman, the prior owner of the property, as a comparator and attach to the complaint his affidavit.  In his affidavit, Coleman states that he obtained "an Alabama Alcohol License, to sell beer and wine, as recently as 2005, at the above mentioned address." (See Doc. 1, Ex. 1).  Plaintiffs, however, fail to provide any evidence establishing Coleman's race or status of any personal relationship.  Further, Plaintiffs make the general allegation in their Amended Complaint that "the building site had been licensed multiple times before, never by a mixed couple."  (Doc. 33 at p. 1).  This barebones allegation, without more, is insufficient to establish a "similarly situated" comparator.  Thus, the Court concludes that Defendants' motion to dismiss on the equal protection claim is due to be granted.  *Id*.

## V. CONCLUSION

Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that Defendants' Motion to Dismiss (Doc. 9) be **GRANTED** and that any other pending motions be denied as Moot.  It is further **ORDERED** that the parties shall file any objections to the said Recommendation on or before **May 15, 2018**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects.  Frivolous, conclusive or general objections will not be considered by the

District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 1st day of May, 2018.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE